# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **NOELLE B. ROBERTSON** | * | **CIVIL ACTION** |
| | * | |
| | * | **NO. 07-8825** |
| | * | |
| **AMERICAN BANKERS INSURANCE COMPANY** | * | **SECTION "L"(1)** |

## ORDER & REASONS

Before the Court is Plaintiff's Motion to Remand (Rec. Doc. No. 15). For the
following reasons, the motion is DENIED.

## I.      BACKGROUND

This case arises from a dispute regarding insurance coverage for the Plaintiff Noelle

Robertson's property located at 5017 Mexico Street in New Orleans, Louisiana, which suffered

damage as a result of Hurricane Katrina. The Defendant in this case is American Bankers

Insurance Company ("American Bankers"), the Plaintiff's flood insurance carrier. The Plaintiff's

flood insurance policy was issued pursuant to the National Flood Insurance Program.[1]

On August 29, 2007, the Plaintiff filed the present action in the Civil District Court

for the Parish of Orleans, State of Louisiana. The Plaintiff alleges that she is entitled to payment

for damages and losses to the property, in addition to bad-faith penalties and attorney fees under

Louisiana law.

American Bankers removed the case to federal court on November 15, 2007,

contending that this Court has jurisdiction under any of the following provisions: (1) federal

---

[1]Congress created this Program with the passage of the National Flood Insurance Act of
1968, Pub.L. No. 90-448, §§ 1301-1377, 82 Stat. 476, 572-89 (codified at 42 U.S.C. §§ 4001-4129).

question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 4072; (2) commerce clause jurisdiction under 28 U.S.C. § 1337; or (3) supplemental jurisdiction under 28 U.S.C. § 1367. On March 24, 2009, the Plaintiff filed the instant motion to remand.

## II.      LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc*., 989 F.2d 812, 815 (5th Cir.1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc*., 200 F.3d 335, 339 (5th Cir.2000).

The National Flood Insurance Act grants federal courts original exclusive jurisdiction over lawsuits against the Director of FEMA for denials of claims made by insured individuals under their Standard Flood Insurance Policy ("SFIP"). *See* 42 U.S.C. § 4072. Section 4072 has been held to also apply to suits against private insurers who issue SFIPs under the Write Your Own ("WYO") Program. *See Wright v. Allstate Ins. Co.*, 415 F.3d 384, 389 (5th Cir.2005); *Landry v. State Farm Fire & Cas. Co.*, 428 F.Supp.2d 531, 532-36 (E.D.La.2006).[2]

Courts in the Eastern District have consistently found that federal question jurisdiction exists when the plaintiff's claim relates to the handling of an SFIP. *See, e.g., Newman v. Allstate Ins. Co.*, No. 06-3757, 2006 WL 2632116 (E.D.La. Sept. 12, 2006); *Breakthrough Realty Unlimited, LLC v. Minor,* No. 06-2420, 2006 WL 2224753 (E.D.La. Aug. 2, 2006). But federal question jurisdiction does not exist when the plaintiff's claim relates only to the

---

[2]For a detailed discussion of the National Flood Insurance Act and SFIPs, *see Houck v. State Farm Fire & Casualty Co.*, 194 F.Supp.2d 452, 454-55 (D.S.C.2002).

procurement of such a policy. *See, e.g., Landry*, 428 F.Supp.2d at 532-36; *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566, at *3-5 (E.D.La. Sept. 20, 2006). In this case, the Court finds that federal question jurisdiction exists. Despite the Plaintiff's argument in her remand motion that the amount in controversy does not exceed the jurisdictional limit of $75,000, a review of her complaint reveals that she makes allegations against American Bankers related to the handling of her flood insurance policy. Accordingly, the Court has federal question jurisdiction over the Plaintiff's claims against American Bankers, and the jurisdictional amount is not a prerequisite.

## III.      CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Remand (Rec. Doc. No. 15) is DENIED.


New Orleans, Louisiana this 1st day of May, 2009.


_____
UNITED STATES DISTRICT JUDGE